NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 21 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

ROSA ESTER BRIZUELA, individually, and as the appointed special administrator of the estate of Rolando Antonio Brizuela; et al.,

Plaintiffs-Appellees,

v.

CITY OF SPARKS; et al.,

Defendants-Appellants.

No.    22-16357

D.C. No.
3:19-cv-00692-MMD-CSD

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, Chief District Judge, Presiding

Argued and Submitted July 19, 2023
San Francisco, California

Before:  SILER,[**] WARDLAW, and M. SMITH, Circuit Judges.
Partial Concurrence by Judge SILER.

The City of Sparks and Officers Brian Sullivan and Eli Maile (collectively

"Defendants") appeal the district court's order granting summary judgment in part

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

to the Plaintiffs and denying summary judgment to the Defendants on qualified immunity grounds. Rosa Brizuela and her two children (collectively "Plaintiffs") brought this wrongful death action pursuant to 42 U.S.C. § 1983 and state law individually and as the administrator of the estate to her husband and their father Rolando Brizuela ("Brizuela"), alleging claims of unreasonable search and seizure under the Fourth Amendment, excessive force under the Fourth Amendment, loss of familial relationships under the Fourteenth Amendment, and interference with the right to bear arms under the Second Amendment, as well as municipal liability claims and state law claims. We affirm in part, reverse in part, and dismiss in part.

1. We lack jurisdiction to review the district court's determination that the Officers were not entitled to qualified immunity on Plaintiffs' excessive force claim. Our "interlocutory review jurisdiction [over the denial of qualified immunity] is limited to resolving a defendant's purely legal contention that his or her conduct did not violate the Constitution and, in any event, did not violate clearly established law." *Est. of Anderson v. Marsh*, 985 F.3d 726, 731 (9th Cir. 2021) (cleaned up). Thus, "[i]f the defendant argues only that the evidence is insufficient to raise a genuine issue of material fact, we lack jurisdiction." *Id.* In this case, the district court found that factual disputes precluded summary judgment on Plaintiffs' excessive force claim. On appeal, Defendants argue that "[t]here is no evidence to dispute the Officers' testimony and corroborative

evidence. Thus, there is no genuine dispute of fact." They raise no legal argument. Thus, we must dismiss this aspect of Defendants' appeal for lack of jurisdiction.

2.     The district court did not err in granting Plaintiffs' motion for summary judgment and denying the Defendant Officers qualified immunity on Plaintiffs' Fourth Amendment search and seizure claims. We agree with the district court that, under clearly established law, Brizuela's front porch, which, as the district court found, "led only to . . . Brizuela's front door and patio, not to any other residence," constituted protected curtilage. *See, e.g.*, *Florida v. Jardines*, 569 U.S. 1, 7 (2013). Detaining and questioning a suspect on the curtilage of their property without a warrant constitutes a presumptively unreasonable search and seizure under the Fourth Amendment unless an exception to the warrant requirement applies. *See United States v. Lundin*, 817 F.3d 1151, 1158 (9th Cir. 2016).

We agree with the district court that no exception to the warrant requirements applies here. Reasonable suspicion and probable cause, absent "exigency [or] emergency," are insufficient to justify a warrantless search and seizure on the curtilage of a suspect's property. *United States v. Struckman*, 603 F.3d 731, 738 (9th Cir. 2010) (quoting *United States v. Martinez*, 406 F.3d 1160, 1164 (9th Cir. 2005)). Even assuming the Officers had probable cause to arrest Brizuela, the record does not demonstrate that any exigent or emergency circumstances existed here: the

3

Officers had not chased Brizuela to his home, nor was this a case of "hot pursuit." *Id.* at 744. The "knock and talk" exception for a warrantless search, which "permits law enforcement officers to encroach upon the curtilage of the home for the purpose of asking questions of the occupants," *Lundin*, 817 F.3d at 1158 (internal quotation marks omitted), also did not apply here. The exception only "is coterminous with [the] implicit license" to "approach the home and knock." *Id.* at 1158–59. Here, Brizuela did not consent to being questioned on his front porch and repeatedly asked the Officers to leave.

Supreme Court precedent clearly establishes that, when law enforcement encroaches on the curtilage of a suspect's home without a warrant, it violates the Fourth Amendment's prohibition against unreasonable searches. *See Jardines*, 569 U.S. at 7. It is likewise clearly established that "[i]n terms that apply equally to seizures of property and to seizures of persons, the Fourth Amendment has drawn a firm line at the entrance to the house." *Payton v. New York*, 445 U.S. 573, 590 (1980). The Officers detained Brizuela on the curtilage of his home without a warrant or probable cause, and questioned him while he repeatedly asked them to leave. Thus, the district court did not err by denying qualified immunity to the Officers and granting summary judgment to the Plaintiffs on the Fourth Amendment unreasonable search and seizure claims.

3.    However, the district court erred by denying qualified immunity to the

Officers on the Plaintiffs' Fourteenth Amendment claim for deprivation of familial relationships. To prevail on their Fourteenth Amendment claim, the Plaintiffs must demonstrate that the Defendants engaged in conduct that "shocks the conscience." *Lam v. City of Los Banos*, 976 F.3d 986, 1003 (9th Cir. 2020). "In determining whether excessive force shocks the conscience," we ask "whether the circumstances are such that actual deliberation [by the officer] is practical." *Wilkinson v. Torres*, 610 F.3d 546, 554 (9th Cir. 2010) (internal quotation marks omitted). If "actual deliberation is practical," then "an officer's deliberate indifference may suffice to shock the conscience." *Nicholson v. City of Los Angeles*, 935 F.3d 685, 692–93 (9th Cir. 2019).

The district court determined that the "circumstances here suggest that the Officers" had time to "actually deliberate." However, assuming that the deliberate indifference standard applies, the district court erred in denying the Officers qualified immunity on the Plaintiffs' Fourteenth Amendment claims because our precedent did not "clearly establish" the violation in 2018, when the shooting in this case occurred. While we concluded in *Nicholson* that an officer's deliberate indifference in a shooting could violate a family's substantive due process rights under the Fourteenth Amendment, we decided that case in 2019 and determined that the contours of the Fourteenth Amendment right were not then "clearly established." *Id.* at 695. Because "reasonableness is judged against the backdrop

5

of the law at the time of the conduct," *Evans v. Skolnik*, 997 F.3d 1060, 1066 (9th Cir. 2021), we reverse the district court's denial of qualified immunity on the Fourteenth Amendment claim for deprivation of familial relationship.

4. The district court also erred by denying qualified immunity to the Officers on Plaintiffs' Second Amendment claim for interference with the right to bear arms. Even assuming that Brizuela legally owned and possessed the firearm in question at the time of the shooting, the right to possess a particular firearm at a particular time is not "clearly established." While the Supreme Court has held that individuals have a Second Amendment right to possess a firearm within their homes, *see District of Columbia v. Heller*, 554 U.S. 570 (2008); *McDonald v. City of Chicago*, 561 U.S. 742 (2010), no case squarely governs a situation where officers shot a suspect because they observed him holding a firearm. As we cannot "define clearly established law at a high level of generality," *Kisela v. Hughes*, 138 S. Ct. 1148, 1152 (2018), we reverse the district court's denial of qualified immunity on the Second Amendment claim.

5. Because our interlocutory jurisdiction over the Officers' qualified immunity defenses does not extend to liability claims against municipalities, *see Horton v. City of Santa Maria*, 915 F.3d 592, 603 (9th Cir. 2019), we dismiss the Defendants' appeal of the district court's determinations on Plaintiffs' municipal liability claims. We also decline to exercise pendent jurisdiction to review the

6

district court's denial of summary judgment to Defendants on Plaintiffs' *Monell* and state-law claims because our resolution of the qualified immunity issues does not "necessarily resolve" the municipal liability. *See id.* at 603–04.

**DISMISSED IN PART, AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

FILED

AUG 21 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SILER, Circuit Judge, concurring:

I agree with all aspects of the majority opinion except insofar as it concludes that in the light most favorable to the defendant officers there was evidence of a seizure. Certainly, there was sufficient evidence to conclude that there was a search, *see United States v. Lundin*, 817 F.3d 1151, 1158 (9th Cir. 2016), but *Lundin* involves a search only. Moreover, this court has distinguished from the general principle announced in *Payton v. New York*, 445 U.S. 573 (1980), when there was no evidence of coercion. *See, e.g., Hart v. Parks*, 450 F.3d 1059, 1065 (9th Cir. 2006); *see also Hill v. City of Fountain Valley*, 70 F.4th 507, 514–15 (9th Cir. 2023) (finding no seizure when the claimants "did not submit to the officers' show of authority"). Nevertheless, there is a Fourth Amendment claim which survives the motions for summary judgment.